**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>       Applicant,<br><br>v.<br><br>AEROTEK, INC.,<br>       Respondent. | )<br>)<br>)<br>)<br>) Civil Action No. 15-cv-275<br>)<br>)<br>)<br>) |

**APPLICATION FOR AN ORDER TO SHOW
CAUSE WHY SUBPOENA SHOULD NOT BE ENFORCED**

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") files this Application for an order to show cause why the administrative subpoena *duces tecum*, requiring the production of documents, issued by the EEOC on October 15, 2014, should not be enforced against Aerotek, Inc. ("Aerotek" or "Respondent"). In support of its Application, the EEOC states as follows:

  1.  This is an action for enforcement of a subpoena *duces tecum* pursuant to the Age Discrimination in Employment Act ("ADEA") § 7(a), 29 U.S.C. § 626(a), which incorporates the investigative and subpoena authority in §§ 11 and 9 of the Fair Labor Standards Act, 29 U.S.C. 211, which incorporates §§ 9-10 of the Federal Trade Commission (FTC) Act of 1914, as amended, 15 U.S.C. §§ 49 and 50. This authority is implemented by 29 CFR §§ 1620.30- .31. EEOC's investigative authority is set out at 29 CFR § 1626.15(a), and § 1626.16 covers subpoenas.

  2.  Respondent has at all relevant times been an employer within the meaning of Section 11 (b) of the ADEA, 29 U.S.C. §630(b).

  3.  On or about August 19, 2013, the Commission informed Respondent that the

EEOC had scheduled an investigation of Respondent (EEOC Investigation Number 440-2013-05194), directed by the Chicago District Director, to determine its compliance under the ADEA with respect to its recruitment, hiring and placement of individuals at all facilities in the United States (i.e., Respondent's facilities and facilities owned and/or operated by Respondent's clients) during the time period of January 1, 2009 to the present. At the same time, EEOC issued a Request for Information ("RFI") seeking information related to Respondent's computerized files. *See* Ex. 1, Declaration of EEOC Investigator Eric Lamb ("Lamb Decl.") at ¶ 5.

4. On or about March 4, 2014, EEOC served Subpoena No. CH-14-026 on Respondent requesting, from January 1, 2009 to the present: (1) certain information about all persons Aerotek referred from its Illinois facilities for employment at Aerotek's clients; (2) certain information about all job requisition requests by clients of Aerotek nationwide; (3) information about individuals who were hired into certain internal positions at Aertoek's Illinois facilities; and (4) documents related to Aerotek's analysis of its workforce which it referenced in a prior letter. Respondent produced the information sought in part in a computerized database. *Id.* at ¶ 6.

5. EEOC's review of the information produced by Aerotek revealed hundreds of discriminatory job requests by Aerotek's clients. *Id.* at ¶ 7. A few examples of such requests are: 1) ". . . is 22 years old and his two employees are both in their 20s – a person in their 40s or 50s would not be a cultural fit;" 2) "Looking for young entergetic [sic] guys with some sports knowledge and good attention to detail;" and 3) "We're looking for a Fresh College Grad . . ." *Id.*

6. On or about July 30, 2014, EEOC issued another RFI to Respondent, seeking information for the individuals who were assigned by Aerotek to its clients nationwide, including but not limited to, the individuals' names, dates of birth, and contact information, and the names of the clients to which they were assigned. *Id.* at ¶ 9. Again, Aerotek produced the information

in part in a computerized database. Most notably, Aerotek did not produce the names of its clients or the names, dates of birth, and contact information of the individuals hired by its clients. Instead, it provided a unique identifying code for its client accounts and an individual employee number for the requested employees. *Id.* at ¶ 10.

7. On or about August 27, 2014, EEOC, through its assigned investigator Eric Lamb, asked Respondent to produce the information that was missing in response to the July 30 RFI. *Id.* at ¶ 11.

8. On September 3, 2014, Aerotek responded by stating that it was refusing to produce individual employee names, dates of birth, and contact information as well as individual client account information. *Id.* at ¶ 12.

9. On or about October 15, 2014, EEOC issued Subpoena CH-13-040 to Respondent seeking the information which Aertoek had refused to provide, but narrowing the request geographically to those individuals whom Aerotek referred for employment from 62 facilities (those from which EEOC previously identified discriminatory requests). For those individuals, EEOC sought, *inter alia*, their names, dates of birth, and contact information and the names of the clients to which they were assigned. *Id.* at ¶ 13.

10. On or about October 29, 2014, Aerotek responded by continuing to refuse to provide the names, dates of birth, addresses, and telephone numbers of the requested employees as well as the names of its clients. *Id.* at ¶ 14.

11. The accompanying Declaration of Eric Lamb, EEOC Investigator (Exhibit 1 to EEOC's Memorandum in Support of Application for Order to Show Cause, filed concurrently herewith), and the attachments thereto, provide the factual support for this Application. The Declaration and the attachment are incorporated by reference into this Application.

WHEREFORE, the EEOC respectfully requests that this Court:

    A. Immediately issue an Order to Show Cause directing Respondent to

appear before this Court on a certain date to show cause why an order should not issue directing Respondent to comply with the EEOC's Subpoena;

      B.      Upon return of this Order to Show Cause, issue an order directing Respondent to comply fully with the Subpoena by a date certain;

      C.      Award the EEOC its costs in bringing this action; and

      D.      Grant the EEOC such further relief as may be necessary and appropriate.

Respectfully submitted,

Date: January 13, 2015

/s Aaron DeCamp_____
Aaron DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8106