```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

    EQUAL EMPLOYMENT OPPORTUNITY      )  No. 15 C 275
    COMMISSION,                       )
                                      )  Chicago, Illinois
                          Plaintiff,  )  June 11, 2015
                                      )  9:15 o'clock a.m.
    -vs-                              )
                                      )
    AEROTEK, INC.,                    )
                                      )
                          Defendants. )


                 TRANSCRIPT OF PROCEEDINGS - MOTION
                BEFORE THE HONORABLE MILTON I. SHADUR

    APPEARANCES:

    For the Plaintiff:   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                         500 West Madison Street
                         Suite 2000
                         Chicago, Illinois 60661
                         BY:  MS. LAURA R. FELDMAN


    For the Defendant:   SEYFARTH SHAW LLP
                         131 South Dearborn Street
                         Suite 2400
                         Chicago, Illinois 60603
                         BY:  MR. ANDREW L. SCROGGINS








    Court Reporter:      ROSEMARY SCARPELLI
                         219 South Dearborn Street
                         Room 2304A
                         Chicago, Illinois  60604
                         (312) 435-5815
```

1   THE CLERK:  15 C 275, EEOC versus Aerotek.
2   MS. FELDMAN:  Thank you for your flexibility, your
3   Honor.  My name is Laura Feldman on behalf of the EEOC.
4   MR. SCROGGINS:  Good morning, Andy Scroggins on
5   behalf of Aerotek.
6   THE COURT:  Good morning.  What is the progress of
7   the -- that has been created by the stay?  What is going on?
8   MR. SCROGGINS:  Well, your Honor, we are appealing
9   to the 7th Circuit on one narrow aspect of your order.  Our
10  brief is due on Monday.  And we have made a limited
11  production following your order of some of the data.
12  THE COURT:  What is the aspect that you dealing
13  with on appeal?
14  MR. SCROGGINS:  Specifically the order to produce
15  the client names for all clients associated with the 62
16  locations in the subpoena.  We have gone ahead and produced
17  the names and contact information of employees and candidates
18  for employment, which was the other aspect of your order.
19  THE COURT:  Okay.  So all I will do is obviously --
20  because there is a stay in place, right, or not?
21  MR. SCROGGINS:  I believe it is.
22  MR. FELDMAN:  There is a stay in place only if you
23  choose to have a stay in place, your Honor.  That is up to
24  you.
25  THE COURT:  Well, let me ask you.  I don't want to

1  punt to the 7th Circuit.  Is there any reason that other
2  production can't proceed or has it -- or has it not?
3          MR. SCROGGINS:  Well, with respect to the subpoena
4  the only issue that is left are those client names.  Now,
5  there is -- there is nothing in our request or any order from
6  the Court that would stop other aspects of the EEOC's
7  investigation.  The motion for stay that we filed is really
8  limited to the production of that bit of information that is
9  still in dispute while we take it up to the 7th Circuit.  But
10  we have not asked for a more general stay, your Honor.
11          THE COURT:  See, one of the difficulties that is
12  created by this is that I am -- I am not certain from our
13  earlier proceeding just what it is that -- other than saying,
14  "We don't want to do it," that justifies Aerotek's objection
15  to the -- to the production of the names.  Is it that it is
16  unduly burdensome, that it discloses confidential material?
17  What is it that --
18          MR. SCROGGINS:  Relevance.
19          THE COURT:  -- you are really complaining about?
20          MR. SCROGGINS:  Relevance.  Relevance.
21          MR. FELDMAN:  They have produced almost all of the
22  information.  And the relevance of the client information is
23  we need to know if clients are making discriminatory requests
24  that Aerotek is thus obliging.  And they have already
25  produced all of the clients, so it is like one -- we have one

1  of -- they already produced the names of the employees, so we
2  have one piece of the puzzle without the other.
3         So in terms of harm to EEOC, it impacts our ability
4  to investigate.  And this has been going on for --
5         THE COURT:  Months.
6         MS. FELDMAN:  -- over a year we have been seeking
7  this information.
8         THE COURT:  Months.
9         MR. FELDMAN:  And if your Honor decides not to
10 continue the stay, Aerotek has provided that they will go to
11 the 7th Circuit to seek a stay.  And if they don't grant a
12 stay, it may just be that the issue is moot and then the
13 clients will have to be produced.  So maybe the 7th Circuit
14 can just dispense with all of this.
15        THE COURT:  So I suppose that the appropriate thing
16 to do to permit you to tee it up, although I am troubled by
17 that as further delay --
18        MR. FELDMAN:  Yeah.
19        THE COURT:  -- is to deny the stay.  And so you
20 tendered that issue to the Court of Appeals, right?
21        MR. SCROGGINS:  And request that they enter a stay,
22 your Honor?  Well, the comment to that is --
23        THE COURT:  You know, I don't understand.  It is
24 very amorphous the way in which you are putting it.
25        MR. SCROGGINS:  Well --

1  THE COURT: You want -- you want to tender an issue
2  to the Court of Appeals, but you don't -- but when I say,
3  "Okay, well, I will deny the stay," you are objecting to
4  that, although I think that is probably necessary to make it
5  a ripe issue before the Court of Appeals. Right?
6  MR. SCROGGINS: No, your Honor. Your -- your Honor
7  has entered an order that forces us to comply with the
8  subpoena.
9  THE COURT: Yeah, I understand that.
10 MR. SCROGGINS: And we have appealed to the 7th
11 Circuit. If -- without a stay we have to produce the
12 information while we wait an appeal, at which point --
13 THE COURT: No. You can go to the Court of Appeals
14 and say, "Stop them," you know.
15 MR. SCROGGINS: Well, that's correct, but your
16 Honor also has the authority to enter that stay pending the
17 decision.
18 THE COURT: Because again I think that you are
19 really dealing with it in sort of a circular way. In order
20 to focus it before the Court of Appeals, it seems to me that
21 the order at this stage has to be comply. When you go to the
22 Court of Appeals and say, "The District Court was wrong in
23 directing us to comply, and here is why" -- if I don't do
24 that, what issue do you have for the Court of Appeals?
25 MR. SCROGGINS: Well, we still have your underlying

1  order telling us to comply.  It is just that you have stayed
2  the effective date of that order pending the 7th Circuit's
3  ruling on the question.
4          THE COURT:  I understand.  Again I don't think -- I
5  don't -- again I am not sure that that really makes it ripe
6  unless I say, "No, I won't."  So simply in order to permit
7  you to present the issue to the Court of Appeals in an
8  appropriate way, I think that probably what has to be done is
9  say -- deny the motion to stay.  You go up there on a motion
10 that says stay.  And be my guest.  How they will resolve it,
11 I don't know.  That is up to them.
12         MR. SCROGGINS:  Well, your Honor, I will say that
13 in the prior subpoena enforcement action that we had with the
14 EEOC a few years ago they didn't request a stay -- or we did
15 not require a stay at the District Court or at the 7th
16 Circuit, and the 7th Circuit did hear the case.  Here for
17 reasons that aren't clear to us the EEOC has told us --
18         THE COURT:  I don't know anything about that.
19 Hopefully it is not mine I think.
20         MR. FELDMAN:  Separate case.
21         MR. SCROGGINS:  I am glad you say that now.
22         I suppose we will have to ask for it, if that is
23 your Honor's decision, but I believe that you have the
24 authority in this Court to also stay the effective date of
25 the order.

1       THE COURT: I know I do, but I think you are --
2  again that is why you are circular. You are -- if -- under
3  your position what you would be presenting is a hypothetical,
4  I think, to the Court of Appeals. Whereas if you want the
5  issue focused, I guess the way to do that is for me to deny
6  the stay and you be my guest, go to the Court of Appeals and
7  say, "We think the District Court was wrong and we want you
8  to stay the matter while we are arguing about it in a
9  substantive appeal." And I haven't heard you respond exactly
10 to that.
11      MR. SCROGGINS: Well, I don't believe it is a
12 hypothetical issue, your Honor, because we do have the order.
13      THE COURT: Listen, I don't want -- I don't want to
14 predict what the Court of Appeals is or is not likely to do
15 in connection with it. What I am saying is that in your own
16 interests if you want to present the issue, the way that you
17 know that the issue will be presented is if you take it to
18 the Court of Appeals.
19      Is there anything unclear in what I have told you?
20      MR. SCROGGINS: Apparently there is, your Honor. I
21 am not following you because as I understand it we would be
22 appealing to the 7th Circuit your entry of the order to
23 comply with the subpoena. I think that issue is ripe based
24 on -- on that prior decision. And the -- we don't require
25 the denial of the stay in order to have a ripe issue for the

1  Court of Appeals to hear.
2          So perhaps I am misunderstanding something, but I
3  -- I
4          THE COURT: I think so. I think so.
5          MR. SCROGGINS: Maybe.
6          THE COURT: I will -- again I will deny the stay in
7  order to permit you to present that issue in sharp focus at
8  the Court of Appeals level in connection with your appeal.
9  And I don't want to sound as though I am doing the thing on
10 an arbitrary basis. It is really I think in your interest to
11 have the issue focused before them in a way that is clearly
12 in controversy.
13         So that is the answer. I am denying the motion to
14 stay. And I invite you, because I think that it is in --
15 again in your interest to tender the issue to the Court of
16 Appeals. Okay?
17         Thank you both.
18         MR. SCROGGINS: Thank you.
19         MR. FELDMAN: Thank you.
20     (Which were all the proceedings heard.)
21                    CERTIFICATE
22    I certify that the foregoing is a correct transcript
23 from the record of proceedings in the above-entitled matter.
24
25 s/Rosemary Scarpelli/        Date: June 11, 2015