```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

   EQUAL EMPLOYMENT OPPORTUNITY     )  No. 15 C 275
   COMMISSION,                      )
                                    )  Chicago, Illinois
                      Plaintiff,    )  August 31, 2015
                                    )  9:35 o'clock a.m.
   -vs-                             )
                                    )
   AEROTEK, INC.,                   )
                                    )
                      Defendants.   )


              TRANSCRIPT OF PROCEEDINGS - MOTION
           BEFORE THE HONORABLE MILTON I. SHADUR

   APPEARANCES:

   For the Plaintiff:    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                         500 West Madison Street
                         Suite 2000
                         Chicago, Illinois 60661
                         BY:  MS. LAURA R. FELDMAN


   For the Defendant:    SEYFARTH SHAW LLP
                         131 South Dearborn Street
                         Suite 2400
                         Chicago, Illinois 60603
                         BY:  MR. THOMAS F. HURKA
                              MR. ANDREW L. SCROGGINS




   Court Reporter:       ROSEMARY SCARPELLI
                         219 South Dearborn Street
                         Room 2304A
                         Chicago, Illinois  60604
                         (312) 435-5815
```

1                THE CLERK:  15 C 275, EEOC versus Aerotek.
2                MS. FELDMAN:  Good morning, your Honor, Laura
3    Feldman on behalf of the EEOC.
4                MR. HURKA:  Good morning, your Honor, Tom Hurka and
5    Andy Scroggins on behalf of defendant.
6                THE COURT:  Good morning.  I am puzzled, you know,
7    because the Court of Appeals has said that they are not going
8    to stay enforcement of the order and I am being asked to deal
9    with a show cause about not being held in contempt.  And I am
10   -- what do you make of the Court of Appeals' denial of the
11   stay in terms of whether a party ought to be complying?  I am
12   not sure I understand that one.
13               MR. HURKA:  Well, your Honor, we do have one more
14   avenue we think, en banc review of that decision.  We have 35
15   days to do so, so we are considering that as an option.
16               THE COURT:  Are you asking for an en banc
17   determination?  Are you asking for reconsideration from the
18   Court of Appeals?  I am not sure I understand.
19               MR. HURKA:  Well, we did file a motion for stay
20   which was denied and reconsideration was denied summarily
21   without any explanation, and so we are now looking at en banc
22   review.
23               THE COURT:  You really expect an explanation?
24               MR. HURKA:  We were hopeful, your Honor.
25               THE COURT:  What Court are you dealing with?

1  Explanations you might get here, but upstairs I am not -- I
2  mean, no, seriously.
3           MR. HURKA:  And, your Honor, we just don't see the
4  -- we don't see the --
5           THE COURT:  Let me ask a question:  When you
6  presented the thing to the Court of Appeals, was it -- was it
7  based upon the idea that this was unduly burdensome or that
8  there should not be any disclosure at all, or what was the
9  ground the way it was presented to the Court of Appeals?
10          MR. HURKA:  Your Honor, the grounds were that if we
11 were to disclose the information, it would effectively moot
12 the appeal.  The whole appeal is the issue of do we have to
13 turn over the information or not.  Without a stay in place,
14 it would require the turnover of the information.  The appeal
15 is over at that point.  It is effectively mooted because the
16 sole issue is --
17          THE COURT:  I am not sure I understand.  You know,
18 I was thinking about -- I mean what is the harm that is
19 identified in terms of the disclosure?  Again I don't -- I am
20 not sure I get a handle on that.
21          MR. HURKA:  Your Honor, the sole issue on appeal is
22 the enforceability of a subpoena.  The subpoena is asking for
23 the names of Aerotek's clients, ten of thousands of clients.
24 That is the sole issue on appeal.
25          THE COURT:  Yeah.

1    MR. HURKA: It has been fully briefed. We are
2  waiting for decision. If we were to turn over the
3  information, that effectively moots the appeal.
4    THE COURT: Well, I understand that, but I am not
5  sure that is responsive to my question.
6    MR. HURKA: The harm, your Honor --
7    THE COURT: It is not --
8    MR. HURKA: -- if we turn it over to EEOC, they
9  have made it very clear they are going to start contacting
10 clients, overwhelming majority of whom have no indication of
11 any discrimination or harm or wrongful conduct. And so our
12 concern is by turning over all the contact information for
13 Aerotek's customers, they will start sending them mailings,
14 calling them..
15   THE COURT: All right. Let me find out. What is
16 the EEOC's plan if it gets the information in terms of
17 further exploration? Are you going to be using it
18 statistically? Are you going to be using it substantively?
19 Are you going to be go -- are you going to go fishing? What
20 -- no seriously.
21   MR. HURKA: Yeah.
22   THE COURT: What is it that EEOC contemplates? Why
23 is it seeking the information here?
24   MS. FELDMAN: Yes, your Honor. We don't usually
25 discuss in detail with respondents what our next steps are

1    for the investigation, but I can tell your Honor that what we
2    will be doing is determining what, if any, of the clients
3    made discriminatory requests.  And for those for which we
4    have a reasonable belief that there were discriminatory
5    requests being made, we will look into whether those clients
6    made additional discriminatory requests and see what other
7    evidence needs to be sought.  But we are not going to be
8    contacting -- I mean I don't anticipate sending thousands and
9    thousands of letters within days of receiving their
10   production.
11           And I will remind your Honor that the 7th Circuit
12   heard Aerotek's argument and disagreed with it and denied the
13   motion for stay.
14           THE COURT:  See sometimes in a somewhat different
15   context but dealing with a similar kind of dispute I provide
16   what amounts to a sort of bridge that provides that the thing
17   is going to be disclosed for counsels' eyes only, with the
18   idea that it gets disclosed to the client only after court
19   approval.  This one doesn't quite fit because in this
20   situation I think counsel are the client --
21           MR. HURKA:  They are, your Honor.
22           THE COURT:  -- in an important sense.  The lawyers
23   are the ones who are really acting for EEOC in a different
24   way than is often the case in an ordinary commercial dispute.
25           At the same time I am not sure I quite understand

1   in your response how you go about determining which ones you
2   pursue if you get all this information.  Are you going to be
3   focusing entirely or primarily on the ones that they have
4   already identified?  Are you -- what kind of look gives you a
5   clue as to pursuing others that they have not identified?
6           MS. FELDMAN:  In terms of which clients we will be
7   looking at next, your Honor?
8           THE COURT:  Right, right.
9           MS. FELDMAN:  So I am the lawyer moving to enforce
10  the subpoena.  The investigations are done in the
11  investigative unit led by Investigator Eric Lamb.  So I am
12  not calling the shots for the day-to-day investigation, your
13  Honor, but I can tell you that we have evidence sufficient to
14  justify the subpoena which your Honor enforced and that
15  evidence shows that when Aerotek received -- that Aerotek
16  received requests from its clients to discriminate on the
17  basis of age.
18          And so now we are digging in to see how broad was
19  this practice of Aerotek's, how many client's requests did
20  they oblige.  We only have client requests from one avenue.
21  Were there other avenues where client requests were being
22  made such as via e-mail, via telephone, et cetera.  So I
23  can't tell your Honor exactly how many clients we are going
24  to be looking into within that time frame.
25          THE COURT:  It sounds to me to characterize this

1 one as a deprivation of due process is really an
2 overstatement.  And I don't know that it is -- that it is
3 really appropriate for the District Court basically to
4 override an issue that has gone to the Court of Appeals.  The
5 Court of Appeals has dealt with it.  It has denied the stay.
6 I am not sure that it then makes sense to come back here and
7 say, "Well, we are going to con -- we are going to think
8 about a -- an en banc reconsideration, and therefore grant
9 the stay."
10           I am -- I am going to deny the stay.  You can go to
11 the Court of Appeals and say, "We are renewing our request
12 for a stay on the ground that we are seeking reconsideration
13 en banc."  If they are -- if that persuades them, fine.  You
14 have done it.  But it seems to me that to ask the District
15 Court under the circumstances here to continue a stay when
16 the Court of Appeals itself has said no is really not an
17 appropriate way in which a railroad or a judicial system
18 ought to be run.
19           Again, I am not suggesting for a second how the
20 Court of Appeals should deal with the thing.  But if you have
21 an argument that says, well, let's get a stay on the ground
22 that we are seeking reconsideration, the place to do that is
23 upstairs I think, not here.
24           So I am denying it.  It is obviously without
25 prejudice to your tendering that issue to them.  And if you

1  have as your ground, well, don't do it because we are
2  thinking about asking for en banc reconsideration, that is
3  them -- for them to evaluate.
4      So I will deny it.
5      MR. HURKA: But, your Honor, the EEOC is seeking
6  contempt here because we are not complying with this Court's
7  order below, even though it is --
8      THE COURT: Well, I understand that. And on that
9  score you have a shot upstairs, and if you -- if they don't
10 do it, then I am going to find that you are in contempt.
11 Okay?
12     MR. HURKA: Yes, your Honor.
13     THE COURT: All right. Thank you both.
14     MS. FELDMAN: Your Honor, are you ordering Aerotek
15 at this time to comply with your order and produce the
16 documents --
17     THE COURT: I --
18     MS. FELDMAN: -- and the information sought?
19     MR. HURKA: Or do we have a right to seek en banc
20 approval?
21     THE COURT: How long did it take the Court of
22 Appeals to deal with the motion up there?
23     MR. HURKA: The stay, it was denied rather quickly.
24 Within days.
25     MS. FELDMAN: That was your motion for

1  reconsideration.  They have had two bites at the apple at the
2  7th Circuit.
3      They have had two bites at the apple at the 7th
4  Circuit.  The motion for reconsideration was turned around
5  quickly.  The original motion for stay -- I can give you the
6  dates if your Honor would like.
7      THE COURT:  Wait just a minute.
8      MS. FELDMAN:  The stay was denied on July 31.
9      THE COURT:  Wait just a minute.
10      MR. HURKA:  And reconsideration was denied August
11  20th.  So rather quickly.
12      MS. FELDMAN:  Meanwhile the EEOC has been waiting
13  six months --
14      THE COURT:  Wait just a minute.
15      MS. FELDMAN:  Sure.
16      THE COURT:  I don't -- I don't want the Court of
17  Appeals to misunderstand that I am somehow seeking to put
18  pressure on them, and at the same time I am -- I am really
19  troubled by the fact that Aerotek is sort of turning the
20  process on its head.  I am going to defer the contempt of
21  court determination until a week from Friday.  That should be
22  more than enough for you to tender the thing to the Court of
23  Appeals, for them to deal with the thing.  You can ask for a
24  stay, as I have said, based on your intention to ask for en
25  banc reconsideration.  If they say aye, then it is up to

1  them.  If they say nay, you will be back in here a week from
2  Friday on the 11th.  So I am continuing this until 9:15 on
3  Friday the 11th.
4              MS. FELDMAN:  Your Honor, may we have a date
5  certain by which Aerotek shall move the 7th Circuit for the
6  third time?  I am concerned otherwise they will delay until
7  the last day.
8              MR. HURKA:  It says --
9              THE COURT:  If they don't do it, they are dead in
10 the water.
11             MS. FELDMAN:  If they don't do it by September
12 11th?
13             THE COURT:  No, if they don't do it swiftly so that
14 we have a reasonable basis -- I am giving -- I am allowing I
15 think more time than would be necessary.  They have got the
16 thing within their control.  What is the old saying?
17 Contempt, they have got the keys to their cell in their own
18 pocket.  That is -- they bring it on.
19             MR. HURKA:  Well, your Honor, the deadline for the
20 appellate rules to file the en banc review is October 4th.
21             THE COURT:  I am -- I am not doing that.  You know,
22 that is really -- then you are really seeking to seize
23 victory from the jaws of defeat.  It is really not based upon
24 the idea of how long you get for purposes of the en banc
25 thing.  You go to them and say, "Look, you have denied a

1  stay.  We are considering asking for reconsideration en banc
2  and therefore we want to renew the motion for a stay."
3       If they say no to that, then you are going to be
4  back here on the 11th.  And so it is within your control as
5  to how swiftly you present it to them.  And I would urge that
6  you do that.  Okay?
7       MR. HURKA:  Yes, your Honor.
8       THE COURT:  It is not -- it is not a function of
9  the October date.  That is really -- that is a separate
10 question, isn't it?
11      So it is continued until September 11th.  I will
12 give you 8:45 on that date.
13      Thank you.
14      MR. HURKA:  Thank you, your Honor.
15      MS. FELDMAN:  Thank you, your Honor.
16      (Which were all the proceedings heard.)
17                    CERTIFICATE
18   I certify that the foregoing is a correct transcript
19 from the record of proceedings in the above-entitled matter.
20
21 s/Rosemary Scarpelli/         Date:  August 31, 2015
22
23
24
25